UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK  (For Online Publication Only)
----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

FILED
CLERK
7/31/2025 1:52 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM & ORDER**
2:16-cr-00494-JMA-GXB-1

-against-

RONALD BISHOP,

Defendant.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Defendant Ronald Bishop moves for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), as modified by the First Step Act, for a reduction in sentence from 120 months' imprisonment to time served. (ECF No. 74; ECF No. 78.) Alternatively, Bishop moves for an amended judgment to grant him credit for 42 months served in pretrial detention. (Id.) The Government assents to Bishop's motion for an amended judgment but opposes Bishop's motion for compassionate release. (ECF No. 80.) For the reasons set forth below, Bishop's motion for an amended judgment is GRANTED, and his motion for compassionate release is DENIED.

## I. BACKGROUND

### A. The Federal Case

On September 14, 2016, Bishop was charged in a four-count indictment. (See ECF No. 1.) On July 13, 2018, Bishop plead guilty before then Magistrate Judge Gary Brown to Counts 1 and 3 of the Indictment, which charged a conspiracy to distribute controlled substances under 21 U.S.C. § 841 and unlawful possession of a firearm under 18 U.S.C. § 924 respectively. (ECF No. 40.) On August 22, 2018, the Court accepted the plea entered before Magistrate Brown. (ECF No. 45.) Subsequently, on July 2, 2019, Judge Feuerstein sentenced Bishop to 120-months' imprisonment, based on 60-month sentences for Count 1 and for Count 3, to run consecutively. (See ECF No.

63.) When imposing her sentence, Judge Feuerstein specifically noted that the term of imprisonment was entered "with credit for Time Served. . ." (ECF No. 63 at 2.) At this point, Bishop had served 42 months in pretrial custody. (See id. at 13; see also ECF No. 81 at 3; ECF No. 77 at 2.)[1]

**B. The Nassau County Case**

On July 19, 2014, Bishop was arrested in Nassau County and charged with several felonies related to his possession and sale of crack cocaine. (See United States Probation Department, Presentence Investigation Report ("PSR") ¶ 40, ECF No. 44.) While this case was pending, in October 2014, Bishop was arrested and charged for felony crack cocaine possession and released on bail. (PSR ¶ 47.) On January 21, 2016, while on pretrial release from the Nassau County Case, Bishop was arrested by the Nassau County Police Department for possession of crack cocaine with the intent to distribute and unlawful possession of ten illegal firearms, ammunition and several high-capacity ammunition feeding devices. (PSR at ¶¶ 5-9.) Bishop was remanded on these state charges, which form the basis of his instant federal case. On July 28, 2016, Bishop was convicted after a jury trial in the Nassau County Case. (PSR at ¶ 40.) On March 15, 2019, Judge Meryl Berkowitz sentenced Bishop in the Nassau County Case to an aggregate sentence of 10 years and 3 years post release supervision. (See ECF No. 80-1 at 8.) Judge Berkowitz further ruled that Bishop's sentence on his state charges would "run concurrent to each other, these charges, and consecutive to the federal time being served." (Id. at 10.)

On January 22, 2025, Bishop completed his sentence in the Nassau County Case and was transferred to the BOP to begin serving his federal sentence. On May 23, 2025, Bishop filed a

---

[1] The Court notes here that on July 13, 2022, the case was reassigned to the undersigned. On February 11, 2025, pursuant to an Order from the United State Court of Appeals for the Second Circuit, the undersigned entered an Amended Judgment as to Bishop, which removed the search condition from Judge Feuerstein's original Judgment. (See ECF No. 70.) The Amended Judgment did not disturb the original Judgment's sentence calculation, nor did the parties address the instant dispute over whether the sentence should be served consecutively to the state sentence.

letter, pro se, requesting that the Court reduce his sentence to time served. (ECF No. 74.) On May 28, 2025, the Court held a hearing and ordered the Government to provide a timeline of Bishop's state and federal cases. (ECF No. 77.) The Court also ordered formal briefing.[2] (Id.) On June 4, 2025, Bishop made a formal motion to reduce his sentence. (ECF No. 78.) On July 2, 2025, the Government responded. (ECF No. 80.) On July 15, 2025, Bishop filed a reply. (ECF No. 81.)

## II.    LEGAL STANDARDS

Under 18 U.S.C § 3582(c)(1)(A)(i), a district court may reduce a sentence when (1) "extraordinary and compelling reasons warrant such a reduction," (2) the court has "consider[ed] the factors set forth in 3553(a) to the extent that they are applicable," and (3) "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The November 1, 2023 Amendments to U.S.S.G. § 1B1.13 clarify that "extraordinary and compelling reasons" are to be considered expansively, including, but not limited to, the defendant's health issues, age, family circumstances, the unusual length of the his sentence, and, in combination with those factors, his rehabilitation. The Commission's 2023 Amendment adopted the Second Circuit's view in United States v. Brooker, holding unequivocally that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." 976 F.3d 228, 237 (2d Cir. 2020).

When considering a § 18 U.S.C. 3582(c)(1)(A) motion, a district court is not bound by a binary choice of immediate release or denial. "It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place. Beyond

---

[2]    At the May 28, 2025 hearing, Bishop appeared with his appointed counsel, Joseph Ryan. (ECF No. 76.)

3

this, a district court's discretion in this area—as in all sentencing matters—is broad." Brooker, 976 F.3d at 237.

### III.   DISCUSSION

#### A. Sentence Reduction to Time Served

The crux of Bishop's argument for sentence reduction is that his federal sentence should run concurrent to his state sentence, which would result in the Court sentencing Bishop to time served. (See ECF No. 78-1 at 3.) Bishop contends that because "Judge Feuerstein never declared the federal sentence was to be served consecutively to any other sentence, and that the Nassau sentence was never considered a predicate for punishment by any of the parties to the plea agreement," the sentences should be served concurrently. (Id. at 8.) Bishop concludes that these facts should count as "extraordinary and compelling reasons" under 18 U.S.C § 3582(c)(1)(A)(i) to reduce his sentence. (Id.)

The Court rejects Bishop's argument with respect to sentence reduction to time served. First, Bishop's position that Judge Feuerstein's silence with respect to whether the federal sentence would run consecutively militates in favor of a finding that the sentences should run concurrently runs directly counter to the plain language of the sentencing statute. See 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively <u>unless the court orders that the terms are to run concurrently.</u>") (emphasis added). If anything, then, the original Judgment's silence weighs in favor of the state and federal sentences running consecutively. Second, Judge Feuerstein knew of Bishop's conviction in the Nassau County Case from the presentence report (PSR ¶ 40) and still refused to enter a judgment that ran Bishop's sentences consecutively rather than concurrently. Third, Bishop's argument that the Government breached the plea agreement has no merit, as "[t]he plea agreement made no promises or representations as

4

to how the federal sentence should be run vis-à-vis the state sentence." (ECF No. 80 at 5, n.5.) Again, Bishop mistakes silence on this matter as an affirmation that the sentences would run concurrently when there was none. Fourth and finally, Judge Berkowitz certainly contemplated that her sentence would run consecutive to the future federal sentence, as she stated that Bishop's sentence would run "consecutive to the federal time being served." (ECF No. 80-1 at 8.) All these facts demonstrate that both of Bishop's sentencing judges knew of the existence of both cases, and both intended their respective sentence to run consecutively, rather than concurrently. Therefore, Bishop does not meet the standard of "extraordinary and compelling reasons" for sentence reduction under 18 U.S.C § 3582(c)(1)(A)(i).

Furthermore, even if Bishop had carried his burden and shown "extraordinary and compelling reasons," the § 3553(a) factors weigh against his early release from prison. Specifically, the Court recognizes that Bishop was charged in both state and federal courts for the serious crime of distributing narcotics. Moreover, upon arrest, Bishop possessed "10 firearms" including: a .45 caliber pistol; a 7.62 x 39 caliber semi-automatic rifle; a 12 gauge shotgun; a 9mm pistol; a .38 caliber revolver; a .380 caliber pistol; a 357 caliber revolver; a .22 caliber pistol; a .38 caliber revolver; and a .22 caliber pistol. (PSR ¶ 6.) Police also found "a knife, a bayonet that could be attached to a rifle, numerous full boxes and bags containing various types of ammunition, and several magazines, including high-capacity magazines, associated with the firearms recovered." (Id.) The Court thus finds that the circumstances here weigh decidedly against releasing him on the need "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1)(2)(C).

B. **Amended Judgment**

Finally, although the Court rejects Bishop's request for sentence reduction to time served, there are sufficient grounds to amend the current judgment with respect to Bishop's time spent in

5

pretrial detention. As both parties agree, Bishop served and should receive credit for 42 months in pretrial detention – from the date of his January 21, 2016 remand to his federal sentencing on June 24, 2019. (See ECF No. 80 at 1 n.1; ECF No. 81 at 3.) Indeed, Judge Feuerstein contemplated that he would receive credit for this time served. (See ECF No. 80-2 at 13) ("THE COURT: And he's already served 3-1/2 years, the way I figured it. Right? MR. RYAN: That's approximately correct. THE COURT: 42 months. MR. MAFFEI: Correct. There is a period of that, your Honor, that he was in state custody but it was for the same offense conduct. THE COURT: And he'll get credit for that.") Thus, the Court hereby amends Bishop's Judgement to grant him credit for the 42 months he served in pretrial detention.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Bishop's request for sentence reduction for time served. However, the Court GRANTS the consent request for an amended judgment, and hereby ORDERS that Bishop receive credit toward his 120-month federal sentence for the 42 months served in pretrial detention. Accordingly, the Clerk of the Court is respectfully directed to close ECF Nos. 74 and 78 and enter an amended judgment consistent with this Order.

**SO ORDERED.**
Dated:   July 31, 2025
         Central Islip, New York

                                             /s/ JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE