UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK    (For Online Publication Only)
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

**MEMORANDUM & ORDER**
2:16-cr-00494-JMA-GXB-1

-against-

RONALD BISHOP,

Defendant.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Presently before the Court is Defendant Ronald Bishop's motion for reconsideration of this Court's July 31, 2025 Memorandum and Order ("M&O," ECF No. 82) denying Bishop's request for sentence reduction to time served under 18 U.S.C. § 3582(c)(1)(A)(i), as modified by the First Step Act. (See ECF No. 85.) The Government opposes Bishop's request. (ECF No. 86.) On August 26, 2025, Bishop submitted a timely reply. (ECF No. 87.) For the following reasons, the Court DENIES Bishop's motion for reconsideration.

## I. BACKGROUND[1]

On June 4, 2025, Defendant Ronald Bishop moved for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), as modified by the First Step Act, for a reduction in sentence from 120 months' imprisonment to time served. (ECF No. 74; ECF No. 78.) Alternatively, Bishop moved for an amended judgment to grant him credit for 42 months served in pretrial detention. (Id.) The Government assented to Bishop's motion for an amended judgment but opposed Bishop's motion for sentence reduction to time served. (ECF No. 80.)

---

[1] The Court presumes familiarity with the facts of this case as presented in its July 31, 2025 M&O. (See ECF No. 82 at 1-3.)

On July 31, 2025, the Court granted Bishop's request for an amended judgment to give him credit for his 42 months of pretrial detention but denied his motion for sentence reduction to time served. (See M&O.) The Court found, inter alia, that Judge Feuerstein "knew of the existence of both cases, and [] intended [her] respective sentence to run consecutively, rather than concurrently." (Id. at 5.) For that reason, among others, the Court refused to grant Bishop sentence reduction to time served. (Id. at 6.) The Court did, however, find that Judge Feuerstein intended to give Bishop credit for his 42 months of pretrial detention, and thus granted his request for an amended judgment. (Id.) On August 4, 2025, the Clerk of the Court entered the Amended Judgment. (ECF No. 83.)

The next day, on August 5, 2025, Bishop filed the present motion for reconsideration. (ECF No. 84.) Thereafter, on August 20, 2025, the Government filed its opposition to Bishop's request. (ECF No. 85.)

## II.  LEGAL STANDARD

"'Although the Federal Rules of Criminal Procedure do not provide for motions for reconsideration, Local Criminal Rule 49.1(d) permits such motions and provides that counsel should set forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.'" United States v. Full Play Grp., S.A., No. 15CR252S3, 2022 WL 523459, at *1 (E.D.N.Y. Feb. 22, 2022) (quoting United States v. Parrilla, No. 13-CR-360, 2014 WL 2200403, at *1 (S.D.N.Y. May 22, 2014)) (internal quotation marks and brackets omitted). "Prior to the adoption of Local Criminal Rule 49.1, courts in this circuit applied the identical standard found in Local Civil Rule 6.3 of the Local Rules to motions for reconsideration in criminal cases." United States v. Rice, No. 96-CR-407, 2015 WL 7459925, at *1 (E.D.N.Y. Nov. 24, 2015) (citing United States v. Yannotti, 457 F. Supp. 2d 385, 389 (S.D.N.Y. 2006)). "Accordingly, courts apply the same standard of review for motions seeking reconsideration under Local Criminal Rule 49.1 and

2

Local Civil Rule 6.3 and the Federal Rules of Civil Procedure." Full Play Grp., S.A., 2022 WL 523459, at *1 (citation omitted).

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Butto v. Collecto Inc., 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012) (internal quotation marks omitted). "The decision whether to grant a motion for reconsideration lies within the sound discretion of the district court." Full Play Grp., S.A., 2022 WL 523459, at *2 (citing Gupta v. Attorney General of U.S., 52 F. Supp. 3d 677, 679 (S.D.N.Y. 2014)). "There are three recognized grounds justifying reconsideration: (1) an intervening change of controlling law, (2) the availability of new evidence, and (3) the need to correct a clear error or prevent manifest injustice." Id. (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotations omitted). Thus, "the moving party [has to] point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration 'is not a vehicle for relitigating old issues . . . or otherwise taking a second bite at the apple.'" Full Play Grp., S.A., 2022 WL 523459, at *2 (quoting Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012)).

### III.    DISCUSSION

Bishop's instant request for reconsideration relies upon purported "newly discovered evidence," which "defense counsel was able to secure . . . from the sealed Nassau County Court file relating to the Nassau District Attorney's parallel prosecution of Mr. Bishop for crimes arising out of his January 21, 2016, arrest and search warrant execution." (ECF No. 85 at 4.) According to Bishop, this new evidence demonstrates that Assistant United States Attorney ("AUSA") "Michael Maffei was the sole prosecutor in charge of both state and federal prosecutions of Mr.

3

Bishop." (Id. at 4.) Bishop contends that AUSA Maffei intentionally created a "silent transcript and PSR" for Judge Feuerstein that purposefully excluded the existence of the Nassau County case before Judge Berkowitz. (Id. at 7.) Bishop concludes that "the prosecutor's manipulation of the sentencing process emasculated Bishop's right to oppose a consecutive sentence," and "[h]ad the Judge Berkowitz' sentence been disclosed at the 'silent' sentencing proceeding, there can be no question that Judge Feuerstein would have favorably considered Mr. Bishop's objection in light of the plea agreement and the PSR treatment of the prior conviction." (Id. at 8.)

After review of the record, the Court finds that there is no merit whatsoever to Bishop's arguments.

First, as the Government explains in its response, AUSA Maffei was not the assistant district attorney in the Nassau County case before Judge Berkowitz, but rather only worked on the underlying state case that became the instant federal prosecution. (ECF No. 86 at 2; see also Presentence Investigation Report ("PSR") ¶¶ 40, 47 ECF No. 44.) Moreover, AUSA Maffei's involvement in the separate underlying state case was no "carefully guarded secret" that Bishop could have only discovered now, as "in the first discovery production provided in the Federal Case, the government produced, inter alia, the state voluntary disclosure packet and coversheet from the Underlying State Case," which "lists ADA Michael Maffei as the individual preparing the discovery." (Id. at 4 (citing ECF No. 13, Bates No. RB000120-000123.)) Thus, Bishop appears mistaken that AUSA Maffei was the "sole prosecutor in charge of both state and federal prosecutions of Mr. Bishop." (ECF No. 85 at 4.)

Second, and more importantly, Bishop's contention that the Government manipulated the sentencing process by creating a silent record as to the Nassau County conviction lacks any basis. In the Government's sentencing submission to Judge Feuerstein, it noted that "[a]t the time that the defendant pled guilty before this Magistrate Brown, Bishop was yet to be sentenced upon his

4

2016 Nassau County conviction. <u>Since that time, Bishop was sentenced to 10 years' imprisonment upon his Nassau County conviction.</u>[2]" (ECF No. 49 at 3, n.1.) (emphasis added). The Court and parties were thus aware of the Nassau County conviction and Judge Berkowitz's sentence at the time of Bishop's federal sentencing. Therefore, there is simply no merit to Bishop's argument that "Judge Feuerstein would have favorably considered Mr. Bishop's objection in light of the plea agreement and the PSR treatment of the prior conviction," had the Nassau County sentence been disclosed.[3] (ECF No 85 at 8.)

## IV.   CONCLUSION

For the foregoing reasons, the Court denies Bishop's motion for reconsideration. The Clerk of the Court is respectfully directed to close ECF No. 85.

**SO ORDERED.**

Dated: September 5, 2025
       Central Islip, New York

                                                          /s/ JMA
                                                   JOAN M. AZRACK
                                                   UNITED STATES DISTRICT JUDGE

---

[2] Bishop describes this submission as a "misleading footnote in a last-minute sentencing letter." (ECF No. 87 at 2.) This description has no basis in fact. The Government submitted the sentencing letter on March 20, 2019, over 3 months before Bishop's sentencing on June 24, 2019. (See ECF No. 49; ECF No. 60.) Moreover, the footnote states that Bishop was sentenced to 10 years' imprisonment in the Nassau County Case. (ECF No. 49 at 3, n.1.) Bishop, however, argues the footnote should have included that "Judge Berkowitz had imposed a *consecutive* 10-year sentence *in absentia*." (ECF No. 87 at 2.) (emphasis in original.) This argument is of no moment. Judge Feuerstein knew of the state sentence and could have ordered the federal sentence to run concurrently. She chose not to, knowing the sentences would then run consecutively. (See M&O at 4) ("'Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.'") (quoting 18 U.S.C. § 3584(a).) There is thus nothing to suggest Judge Feuerstein was misled by the Government into thinking the state and federal sentences would run concurrently. Therefore, the Government's letter was neither last-minute nor misleading.

[3] Bishop also complains that the purported lack of disclosure regarding Judge Berkowitz's sentence violated his "right to be heard at sentencing pursuant to FRCP Rule 32 (a) of the Federal Rules of Criminal Procedure." (ECF No 85 at 8.) Because, as explained above, Judge Berkowitz's sentence was disclosed to the Court prior to sentencing, there was no violation of Bishop's right to be heard on this ground. Additionally, though, as the Government correctly points out, Bishop mistakenly assumes "that it was somehow the government's duty to inform him of the details of his own state sentence." (ECF No. 86 at 4, n.4.) Rule 32(a) (now Rule 32 (i)) dictates, <u>inter alia</u>, that the court must: "(i) provide the defendant's attorney an opportunity to speak on the defendant's behalf; (ii) address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(a). Bishop was afforded this right. (See Sent. Tr., ECF No. 80-2 at 14.) ("THE COURT: Then I will adopt that. Is there anything you want to say, Mr. Ryan? MR. RYAN: No, your Honor. . . THE COURT: Anything that Mr. Bishop wishes to say, Mr. Ryan? MR. RYAN: Mr. Bishop? THE COURT: Do you want to say anything? THE DEFENDANT: No.") Thus, there was no violation of Bishop's right to be heard at sentencing.